# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LEAH DOZIER )
                             Plaintiff, )
    )
vs. )    Case No. 20-cv-2576-JWL-KGG
    )
THE BOARD OF COMMISSIONERS OF )
FRANKLIN COUNTY, KANSAS )
    and )
CLINT LEAHEW )
    )
                           Defendants. )

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO FILE SECOND AMENDED COMPLAINT

This case is before the Court on Plaintiff's motion for leave to file a Second Amended Complaint to add a claim of retaliatory discharge. (Doc. 21.) Having reviewed the filings of the parties, the motion is **GRANTED.**

## BACKGROUND

**I.    Nature of Case.**

Plaintiff alleges that Defendants Board of Commissioners of Franklin County, Kansas ("Board of Commissioners" or "Franklin County") and Clint Leahew terminated her employment after she reported being sexually assaulted by a co-worker and insisting that law enforcement be involved. (Doc. 21, at 2.) She

1

brings the present motion seeking to amend her complaint to add a claim under Kansas law for retaliatory discharge as an alternative theory of liability. (*Id.*)

## II. Motion at Issue.

Plaintiff asserts that Kansas common law recognizes a claim for retaliatory discharge for whistleblowing and a claim of retaliatory discharge for employees who report potential workers compensation injuries. (*Id.*) She continues that amending her complaint to add a claim under Kansas law would not be futile because "[t]he court should freely give leave [to amend] when justice so requires." (*Id.*, at 1) (citing Fed.R.Civ.P. 15(a)(1)(2)).

Defendant responds that retaliatory discharge is only available where there is no adequate alternative remedy. (Doc. 23, at 3 (citing ***Flenker v. Willamette Indus., Inc.***, 266 Kan. 198, 200 (1998)).) Defendant maintains that courts in this District have rejected allowing a plaintiff to plead a cause of action for retaliatory discharge when the plaintiff had an adequate remedy under Title VII and the Kansas Act Against Discrimination ("KAAD"). (*Id.* (citing ***Braun v. Dillon Companies, Inc.***, No. Civ. A. No. 94-2079-EEO, 1995 WL 261142 (1995)).) Because Plaintiff has a legal remedy under her original Title VII retaliation cause of action, Defendant asserts that Plaintiff is precluded from any remedy available under a cause of action for retaliatory discharge under Kansas common law. (*Id.*, at 5.)

Defendant continues that Plaintiff's claim is futile because the Kansas Tort Claims Act ("KTCA") states that

> [a]ny person having a claim against a municipality … shall file a written notice … . Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, which occurs first … .

(*Id.*, at 6.) "The notice requirements in K.S.A. 2010 Supp. 12–105b(d) are mandatory and a condition precedent to bringing a tort claim against a municipality." **Garcia v. Anderson**, 46 Kan. App. 2d 1094, 1097–98, 268 P.3d 1248, 1251 (2012).

On April 14, 2021, Plaintiff presented her claim to Defendants and proposed a settlement offer to resolve the claim of retaliatory discharge. (Doc. 23, at 7.) Defendant made a counteroffer to settle Plaintiff's claim, thus rejecting Plaintiff's settlement offer. (*Id.*) Plaintiff argues that Defendant's counteroffer constitutes a denial pursuant to KTCA. (Doc. 27, at 8.) Defendant responds that Plaintiff has failed to cite legal authority in support of her position that merely responding to a settlement offer suffices as a denial of a 12-105b claim. (Doc. 23, at 7.)

## ANALYSIS

I.   **Standard of Review.**

Motions to amend pleadings are governed by Fed.R.Civ.P. 15(a), which provides, in pertinent part, that "[a] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(1)(B). Absent any finding of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given. *See* **Foman v. Davis**, 371, U.S. 178, 182 (1962); *see also* **Frank v. U.S. West, Inc.**, 3 F.3d 1357, 1362 (10th Cir. 1993) (quoting **Castleglen, Inc. v. Resolution Trust Corp.**, 984 F.2d 1571, 1585 (10th Cir. 1993)).

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. **Ketchum v. Cruz**, 961 F.2d 916, 920 (10th Cir. 1992); *see* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990). Defendants argue that Plaintiff's two proposed causes of action are futile. Thus, the Court must determine whether they could withstand a motion to dismiss.

In light of two recent Supreme Court cases, the Tenth Circuit has restated the standard for ruling on motions to dismiss under Fed. R. Civ. P. 12(b)(6), and now looks at what is described as a "plausibility" standard:

> Turning to our standard of review and applicable legal principles involving motions to dismiss, we review de novo a district court's denial of a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6)

for failure to state a claim. *See* **Dias v. City and County of Denver**, 567 F.3d 1169, 1178 (10th Cir.2009); **Gann v. Cline**, 519 F.3d 1090, 1092 (10th Cir.2008); **Alvarado v. KOB-TV, LLC**, 493 F.3d 1210, 1215 (2007). 'We assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[ ].' **Dias**, 567 F.3d at 1178 (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See* **Ashcroft v. Iqbal**, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

\* \* \* \*

In reviewing a motion to dismiss, it is important to note 'Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'' **Robbins v. Oklahoma**, 519 F.3d 1242, 1246 (10th Cir.2008). In the past, we 'generally embraced a liberal construction of [this] pleading requirement,' and held 'a complaint containing only conclusory allegations could withstand a motion to dismiss unless its factual impossibility was apparent from the face of the pleadings....' *Id*. However, the Supreme Court has recently 'clarified' this standard, stating that 'to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'' *Id*. at 1247 (*quoting* **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically, '[f]actual allegations must be enough to raise a right to relief above the speculative level,' **Twombly**, 550 U.S. at 555, so that '[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.' **Robbins**, 519 F.3d at 1247. Under this standard, 'a plaintiff must nudge his claims across the line from conceivable to plausible in order to survive a motion to dismiss.' **Smith**, 561 F.3d at 1098. Therefore, a plaintiff must 'frame a 'complaint with enough factual

5

> matter (taken as true) to suggest' that he or she is entitled to relief.' **Robbins**, 519 F.3d at 1247 (*quoting* **Twombly**, 550 U.S. at 556).
>
> On the other hand, we have also held 'granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.' **Dias**, 567 F.3d at 1178 (quotation marks and citation omitted). 'Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.' ' *Id*. *(quoting* **Twombly***,* 550 U.S. at 556).
>
> In discussing the sufficiency of a complaint's allegations, we look to two Supreme Court decisions, **Twombly** and **Iqbal**, which provide the determinative test for whether a complaint meets the requirements of Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) for assessing whether it is legally sufficient to state a claim for which relief may be granted.

**Phillips v. Bell**, No. 08-1042, 2010 WL 517629, * 3, 4 (10th Cir., 2010). The burden is on Defendant to establish the futility of Plaintiff's proposed amendment. **Pekareck v. Sunbeam Products**., No. 06-1026-WEB, 2006 WL 1313382, at *3 (D. Kan. May 12, 2006).

As stated above, Defendant argues that the proposed amendment is futile because (1) Plaintiff already has an adequate available remedy and (2) even if Plaintiff's amendment is not futile, Plaintiff's new cause of action would lack jurisdiction. (*See generally* Doc. 23.) The Court will address both issues in turn.

## II.     Retaliatory Discharge Claim.

Plaintiff seeks to add a cause of action for retaliatory discharge as an alternative theory of liability against Defendants. (Doc. 21, at 2.) She alleges that she was protected from being fired in retaliation for making a report on a co-worker who violated the rules, pursuant to Kan. Stat. Ann. § 60-3101(a)-(b). (*Id.*)

Defendant argues that allowing Plaintiff to amend her complaint would be futile because Plaintiff already has an adequate remedy under Title VII and the Kansas Act Against Discrimination. (Doc. 23, at 3.) Defendant contends that the Tenth Circuit has held that availability of remedies precludes a cause of action for retaliatory discharge, so long as a Title VII or KAAD remedy is available for the plaintiff. (*Id.*, at 4 (citing **Polson v. Davis**, 895 F.2d 705, 709-10 (10th Cir. 1990).)

Plaintiff replies that Defendant's reliance on the Tenth Circuit's decision in **Polson v. Davis** should not be considered by this Court for two reasons. (Doc. 27, at 2.) First, Plaintiff argues that the Court was interpreting how the Kansas Supreme Court would decide the issue at the time, as it had not been decided. (*Id.*) Second, Plaintiff argues that this Court should consider the state Supreme Court's decision in **Flenker v. Williamette Industries, Inc.**, 967 P.2d 295 (Kan. 1998). That Court addressed the question:

> Does the remedy provided by OSHA § 11(c) [29 U.S.C. § 660(c) (1994)] for employees who allege that they have been discharged in retaliation for filing complaints under that statute preclude the filing of a Kansas common law wrongful discharge claim under Kansas's public policy exception to at-will employment?

7

(Doc. 27, at 3.) (citing *Flenker*, 967 P.2d 295, 297 (Kan. 1998)). The Kansas Supreme Court answered "no." (*Id.*) Simply stated, the Kansas Supreme Court interpreted whether an alternative statutory remedy is "adequate" when another statute provides a remedy. (*Id.*)

The Court does not agree that allowing Plaintiff to amend her complaint would be futile. While it is true that Plaintiff has other remedies available, it is not futile because it would not be subject to the same standards of a Fed.R.Civ.P. 12(b)(6) dismissal. *See* **Hirt v. Unified Sch. Dist. No. 287**, 308 F.Supp.3d 1157, 1165 (D. Kan. 2018) (holding that "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") Plaintiff has stated enough well-plead facts showing entitlement to relief. *See* **Robbins**, 519 F.3d at 1247 (holding that a plaintiff must simply "[n]udge their claims across the line from conceivable to plausible in order to survive a motion to dismiss.")

### III. Jurisdiction.

Defendant argues that even if this Court finds that Plaintiff's retaliatory discharge claim is not futile, her requested amendment should still be denied as futile because this Court lacks jurisdiction pursuant to Kan. Stat. Ann. § 12-105(d). (Doc. 23, at 6.) That statute states, in pertinent part, that

> [a]ny person having a claim against a municipality …
> which could give rise to an action brought under the
> Kansas tort claims act shall file a written notice as

> provide … before commencing … action … . Once
> notice of the claim is filed, no action shall be commenced
> until after the claimant has received notice from the
> municipality that it has denied the claim or until after 120
> days has passed following the filing of the notice of
> claim, whichever occurs first … .

K.S.A. § 12-105(d). Defendant is correct that failure to comply with the notice statute destroys this Court's jurisdiction. (Doc. 23, at 6.)

Even so, Plaintiff presented a settlement offer on April 14, 2021, to resolve the retaliatory discharge claim. (Doc. 27, at 7.) On April 28, 2021, Defendant made a counteroffer, in which it rejected Plaintiff's offer. (*Id.*, at 8.) Plaintiff argues that

> [a]lthough Franklin County wrote that its response was
> not a response to or denial of Plaintiff's notice under
> K.S.A. § 12-105b, the language of the County's response
> shows otherwise. In its response, Franklin County made
> a counteroffer that was not limited to the claims alleged
> in the lawsuit – its counteroffer required that Plaintiff
> release "all claims that have been or could have been
> brought by [Plaintiff], including any Title VII or tort-type
> claims (such as retaliatory discharge). *Id*. (emphasis
> added). Franklin County specifically chose to include
> claims for retaliatory discharge in its rejection. But now
> it argues the opposite.

(*Id.*)

Defendant responds that the settlement offer and response were required by the Court's Scheduling Order. (Doc. 23, at 7; *see also* Doc. 13, at 2.) Defendant continues that it "explicitly stated in its April 28 settlement offer that it was not

responding in any way to the 120105b notice, noting that: '[t]his letter does not serve as a response to (nor a denial of) that purported 105b notice, as Franklin County has a period of 120 days to consider your request.'" (*Id.*)  Defendant also notes that Plaintiff has failed to cite any legal authority supporting her "novel argument" regarding notice of claim and denial.  (*Id.*)  Plaintiff replies that Defendant clearly rejected Plaintiff's claim with the April 28, 2021, letter, which stated, "[o]n behalf of Franklin County, we hereby reject your April 14, settlement demand."  (Doc. 27, at 7-8.)

In ***Burgess v. West***, 817 F.Supp. 1520, 1524 (D. Kan. 1993), this Court addressed whether a counteroffer constitutes a denial in relation to notice pursuant to K.S.A. § 12-105(d).  In that case, the attorney for defendant municipality told plaintiffs' attorney that the City specifically rejected plaintiffs' claims but that a counteroffer might well be forthcoming.  The court denied summary judgment on the issue, holding that K.S.A. 12–105b(d) merely requires a denial – in whole or in part – prior to filing suit.  *Id*.  According to ***Burgess***, "[a] counteroffer would certainly have at least amounted to a denial of part of plaintiff's claims."  (*Id.*)

Although Plaintiff has not cited legal authority on this issue, the Court is bound to follow established legal precedent.  Plaintiff's requested amendment is not futile and the motion to amend is thus **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion (Doc. 21) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2021, at Wichita, Kansas.

s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE
